# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### CASE NO.: 8:14-cv-1203-T-30MAP

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| GAETON S. DELLA PENNA, | : |
| | : |
| Defendant, and | : |
| | : |
| GAETON CAPITAL ADVISORS, LLC, | : |
| | : |
| Relief Defendant. | : |

## ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT GAETON S. DELLA PENNA

**THIS MATTER** is before the Court on Plaintiff Securities and Exchange Commission's Motion for Entry of Default Judgment of Permanent Injunction and Other Relief Against Defendant Gaeton S. Della Penna. Having considered the motion and the entire record, the Court enters the following order granting the Plaintiff's motion:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.      This Court has personal jurisdiction over the Defendant and the subject matter of this action. Venue is proper in the Middle District of Florida.

2.      Della Penna was served with a copy of the Summons and Complaint on August 4, 2014, by process server.

3.      Della Penna's responsive pleading was due August 25, 2014, but he has not answered or otherwise responded to the Complaint as required by the Federal Rules of Civil Procedure.

4.      On September 10, 2014, the Commission filed a Motion for Entry of Clerk's Default against Della Penna.

5.      On September 11, 2014, the Court set a telephone hearing for September 18, 2014 on the Commission's Motion for Entry of Clerk's Default against Della Penna.

6.      On September 18, 2014, at the telephone hearing, Della Penna, through counsel, advised the court that he and Relief Defendant Gaeton Capital Advisors, LLC had elected to allow a default.

7.      The Clerk of the Court entered a default against Della Penna on September 19, 2014.

8.      By virtue of his default and failure to respond to the complaint, Della Penna is deemed to have admitted the allegations of the Complaint, and liability is established against him. *Jacobs v. Alexander William & Associates*, 2013 WL 1687699, *1 (M.D. Fla. Apr. 18, 2013); *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). Accordingly, the Court finds Della Penna committed the violations alleged in the Complaint.

9.      Della Penna is not an infant or an incompetent person, has no guardian, committee, conservator or other such person appearing on his behalf, and is not on active duty in the United States military.

Accordingly, it is:

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Default Judgment of Permanent Injunction and Other Relief Against Defendant Della Penna is **GRANTED**.  Default Judgment is entered against Della Penna as follows:

# I.

## SECTION 17(A) OF THE SECURITIES ACT OF 1933

**IT IS FURTHER ORDERED AND ADJUDGED** that Della Penna and his agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)      to employ any device, scheme, or artifice to defraud;

(b)       to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)      to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information, or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor about:

(A)      any investment strategy or investment in securities,

(B)      the prospects for success of any product or company,

(C)      the use of investor funds,

(D)      compensation to any person,

(E)     Defendant's qualifications to advise investors; or

(F)     the misappropriation of investor funds or investment proceeds.

## II.

### SECTION 10(B) OF THE SECURITIES EXCHANGE ACT OF 1934 AND EXCHANGE ACT RULE 10B-5

**IT IS FURTHER ORDERED AND ADJUDGED** that Della Penna and his agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A)     any investment strategy or investment in securities,

(B)     the prospects for success of any product or company,

(C)     the use of investor funds,

(D)     compensation to any person,

(E)     Defendant's qualifications to advise investors; or

(F)     the misappropriation of investor funds or investment proceeds.

### III.

### SECTIONS 206(1), 206(2), AND 206(4) OF THE INVESTMENT ADVISERS ACT OF 1940 AND INVESTMENT ADVISERS ACT RULE 206(4)-8(a)

**IT IS FURTHER ORDERED AND ADJUDGED** that Della Penna and his agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, while acting as an investment adviser, Sections 206(1), (2), and (4) of the Investment Advisers Act of 1940 (the "Investment Advisers Act") [15 U.S.C. §§ 80b-6(1), (2), and (4)], and Investment Advisers Act Rule 206(4)-8(a) [17 C.F.R. § 275.206(4)-8(a)(2)], by using the mails or any means or instrumentality of interstate commerce, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud any client or prospective client;

(b)     to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any client or prospective client, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client or prospective client, about:

5

(A)     any investment strategy or investment in securities,

(B)     the prospects for success of any product or company,

(C)     the use of client funds,

(D)     compensation to any person,

(E)     Defendant's qualifications to advise clients; or

(F)     the misappropriation of investor funds or investment proceeds.

**IV.**

**DISGORGEMENT AND PREJUDGMENT INTEREST**

**IT IS FURTHER ORDERED AND ADJUDGED** that Della Penna shall pay disgorgement of ill-gotten gains, prejudgment interest, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 209(e) of the Investment Advisers Act, 15 U.S.C. § 80b-9(e).   The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission to be made within 90 days of the date Della Penna is sentenced in the matter *United States v Della Penna*, 14-cr-203-T-17TBM (M.D. Fla.), or that matter otherwise terminates. Prejudgment interest shall be calculated from October 10, 2013, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).   In connection with the Commission's motion for disgorgement and/or civil penalty, and at any hearing held on such a motion: (a) Della Penna will be precluded from arguing he did not violate the federal securities laws as alleged in the Complaint; (b) Della Penna may not challenge the validity of this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations,

excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalty, the parties may take discovery, including discovery from appropriate non-parties.

**V.**

**<u>RETENTION OF JURISDICTION</u>**

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter and Della Penna in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

**VI.**

**<u>RULE 54(b) CERTIFICATION</u>**

**IT IS FURTHER ORDERED AND ADJUDGED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of September, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\Odd\2014\14-cv-1203 default judgment.doc